IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LORINE C. DESPERTT :
4437 7TH STREET, N.E.
WASHINGTON, D.C. 20017 :

  Plaintiff, :

v. : Civil Action No.:

LUKE R. HOLLIS :
18 SHEPARD STREET, APT. 1
CAMBRIDGE, MA 02138 :

  Defendant :

## COMPLAINT FOR MOTOR VEHICLE NEGLIGENCE

  Lorine C. Despertt, by and through her attorneys, Benjamin T. Boscolo, Michael D. Reiter and **CHASEN**BOSCOLO, respectfully pleads as follows:

## I. JURISDICTION, PARTIES AND VENUE

**1.1** This is an action against for negligence arising out of a motor vehicle collision which occurred on July 26, 2012, in the District of Columbia.

**1.2** Lorine C. Despertt (hereinafter "Ms. Despertt") is an adult female resident of the District of Columbia.

**1.3** Under information and belief, Luke R. Hollis (hereinafter "Defendant") is an adult male resident of Cambridge, Massachusetts.

**1.4** Damages in this matter exceed $75,000.00.

**1.5** This Federal District Court has jurisdiction of this cause pursuant to and in compliance with 28 U.S.C. § 1332(a), which vests jurisdiction with this court in an action where diversity exists between all parties and the matter in controversy exceeds $75,000.00.

**1.6** Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omission giving rise to the claim occurred in the District of Columbia.

## II.    FACTS

**2.1**    On or about June 26, 2012, Ms. Despertt was operating her motor vehicle on northbound 7th Street, at or near its intersection with Monroe Street in northeast Washington, D.C.

**2.2**    There is a traffic signal at the intersection of 7th Street, N.E. and Monroe Street, N.E. Ms. Despertt had a green traffic signal.

**2.3**    At approximately the same time and place, Defendant was operating a motor vehicle on westbound Monroe Street, N.E., and approaching its intersection with 7th Street, N.E. in Washington, D.C.  Defendant had a red traffic signal.

**2.4**    Defendant chose not to observe and/or obey the red traffic signal and entered the intersection of Monroe Street, N.E. and 7th Street, N.E., where front of his vehicle the passenger side of Ms. Despertt's vehicle.  The force of the collision pushed Ms. Despertt's vehicle into a vehicle traveling on the opposite side of the road.  The force of these impacts caused Ms. Despertt to suffer permanent injuries

## III.    NEGLIGENCE

**3.1**    At the time of the collision, Defendant had a duty to observe all traffic safety rules in effect.

**3.2**    At the time of the collision, Defendant had a duty to see other vehicles or pedestrians on or near the roadway who were there to be seen.

**3.3**    At the time of the collision, Defendant had a duty to pay full time and attention to the operation of his motor vehicle.

**3.4**    At the time of the collision, Defendant had a duty to watch the road.

**3.5**    At the time of the collision, Defendant had a duty to react to changing traffic patterns.

**3.6**    At the time of the collision, Defendant had a duty to control the speed of his motor vehicle to avoid colliding with other vehicles lawfully traveling on the roadway.

**3.7**    At the time of the collision, Defendant had a duty to obey and observe the District of Columbia's traffic laws.

**3.8**    At the time of the collision, Defendant had a duty to obey and observe all traffic control devices.

**3.9**    Defendant breached these duties by choosing to not to observe all traffic safety rules in effect.

**3.10**    Defendant breached these duties by choosing to not to see other vehicles or pedestrians on or near the roadway who were there to be seen.

**3.11**    Defendant breached these duties by choosing to not to pay full time and attention to the operation of his motor vehicle.

**3.12**    Defendant breached these duties by choosing to not to watch the road.

**3.13**    Defendant breached these duties by choosing to not to react to changing traffic patterns.

**3.14**    Defendant breached these duties by choosing to not to control the speed of his motor vehicle in order to avoid colliding with other vehicles lawfully traveling on the roadway.

**3.15**    Defendant breached these duties by choosing to not to obey and observe the District of Columbia's traffic laws.

**3.16**    Defendant breached these duties by choosing to not to obey and observe all traffic control devices.

**3.17**    The Defendant's above choices to violate the safety rules in the operation of his vehicle caused harm to Ms. Despertt and constitutes negligence, thus justifying an allowance of monetary damages against him.

## IV.    DAMAGES

**4.1**    As a direct and proximate result of the aforesaid facts, choices  and other tortuous acts and omissions of the defendant, Luke R. Hollis, Ms. Despert suffered damages caused by the collision, including but not limited to the following:

**4.1.1**    Permanent bodily injury and disfigurement;

**4.1.2** The effects of such injuries on Ms. Despertt's overall physical health and mental wellbeing;

**4.1.3** Past physical injuries which interfere with Ms. Desperett's ability to engage in her activities of daily living and cause her to be immobile and isolated;

**4.1.4** Probable future physical injuries which will interfere with Ms. Desperett's ability to engage in her activities of daily living and cause her to be immobile and isolated

**4.1.5** Inconvenience Ms. Despertt has already suffered;

**4.1.6** Probable future inconvenience Ms. Despertt will suffer;

**4.1.7** Expenses for reasonable care and medical attention Ms. Despertt has incurred;

**4.1.8** Probable future expenses for reasonable care and attention Ms. Despertt will incur;

**4.1.9** Past and present loss of time and wages from Ms. Despertt's employment; and

**4.1.10** Probable future loss of time and wages from Ms. Despertt's employment.

**V.   PRAYER FOR RELIEF**

WHEREFORE, Lorine C. Despertt, prays for judgment against Defendant, Luke R. Hollis, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), and litigation costs of bringing this action, with post judgment interest, or such other relief as this Honorable Court may determine to be fair and just.

**VI.   JURY DEMAND**

Lorine C. Despertt demands a trial by jury

Respectfully submitted,

**CHASEN**BOSCOLO

By: _____

Benjamin T. Boscolo
bboscolo@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, Maryland  20770
(301) 220-0050
(301) 474 1230 (fax)
Counsel for Lorine C. Despertt

By: _____

Michael D. Reiter
MReiter@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, Maryland  20770
(301) 220-0050
(301) 474 1230 (fax)
Counsel for Lorine C. Despertt